HARRIS, J.,
delivered the opinion of the Court.
This suit was commenced before a Justice of the Peace, by the defendant in error, to recover the value ’ of certain ‘ stock ‘ killed by the locomotive of the plaintiff in error, while running on their road. The justice gave judgment for the plaintiff below, and the defendant appealed to the Circuit Court, where the judgment of the justice was affirmed, and the defendant appealed in error to this Court. From the proof in the record, it appears that at the time- the stock.was killed, the defendant had no person on the locomotive, whose exclusive business it was to keep a “look-out ahead on the road” — that this duty was performed by the engineer keeping a look-out on one side of the locomotive, and one Ayres, who was taking the trip on the locomotive, on the other side.
Upon this state of facts the Court charged the jury that the defendant was “required by law to have a special agent always on the look-out ahead, and performing that undivided duty,” and that “the defendant was liable for stock killed, when at the time of the killing such agent was not employed by them to perform that ■ undivided duty.”
’ Exception was taken at the time to this part of the charge, and it is the only assignment of error upon which the defendant below relies to reverse this judgment. By the 8th section of the act of 1855-6, ch. *293 94, it is provided, “ that all Railroad Companies in this State shall be required to keep some one upon" the locomotive always on tbe look-out ahead, and that, when any person, stock, or other obstruction, shall appear on said road, it shall be the duty of the engineer on said train to blow the alarm-whistle, to put down on the brake, and use all necessary' means to stop the trains and prevent the killing or injuring of persons, stock, or property..” And the next section of the same act provides, “ That any failure on the part of' said Railroad Companies or their agents to perform the duty prescribed in this act, then said Company shall .be responsible for all damage accruing or resulting from a failure to perform said duty.”
It is manifest from the whole tone and tenor of this statute, that the Legislature intended to require the utmost vigilance at the hands of railroad companies, and their agents, to prevent injury to persons and property. They are required to “blow the whistle, or ring the bell, when approaching any turnpike, or any other’ public road, or any street crossed by the railroad, in time to give due and timely notice of the approaching train, to any person or persons who may be traveling upon said turnpike road, or other public road or street so crossed by a railroad.” And if any ’person is killed through the negligence of any of the agents of a ' railroad company, entrusted, with running a locomotive or train, by this statute it is made felony, in such negligent agent who omits to perform the duties required by the act. From these stringent provisions, it is clear that the Legislature deemed it necessary,, for the preservation of life and property, to require the greatest possible care *294 on tbe part of these companies and tbeir agents. Therefore, we think, the Circuit Judge was well warranted in his conclusion that the “defendants were required by law to have such special agent always on the look-out ahead, and performing that undivided duty.” This is clearly indicated by the forcible language of the statute, “to keep some one upon the locomotive always on the lookout ahead.” Now can it be pretended that the same person can discharge the duties of engineer, and at the same time always keep a look-out ahead ? We think not. While giving the proper attention to the engine, his attention must necessarily be withdrawn from that vigilant, continued, and uninterrupted “looking-out ahead,” required by the statute.
We think the charge is correct, and affirm the judgment.